# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORNELL MORRIS** | **CIVIL ACTION** |
| **VERSUS** | **NO.  17-794** |
| **JASON KENT** | **SECTION "T"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and **DISMISSED WITH PREJUDICE**, because it is both time-barred and procedurally defaulted.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Cornell Morris, is incarcerated in the Dixon Correctional Center in Jackson, Louisiana.[2]  On March 25, 2010, Morris was charged by bill of information

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2]Rec. Doc. No. 3.

in St. Bernard Parish with one count of second degree battery.[3]  Pursuant to a plea agreement, the prosecutor amended the bill on September 28, 2010 to include a second count of second degree battery against the same victim arising from a separate incident.[4] Morris entered guilty pleas to both counts.[5]  The court sentenced Morris to five years in prison on each count to run consecutively.[6]

Morris's conviction and sentence became final thirty (30) days later, on October 28, 2010, when he did not pursue direct appeal.  Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); see Cousin v. Lensing, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the period for filing a notice of appeal under La. Code Crim. P. art. 914[7]).

---

[3]St. Rec. Vol. 2 of 3, Bill of Information, 3/25/10.  He apparently had other charges pending in separate case numbers for battery on a police officer, resisting arrest and violation of a restraining order. St. Rec. Vol. 1 of 3, Plea Transcript, pp. 11-14, 9/28/10.

[4]St. Rec. Vol. 1 of 3, Plea Transcript, p. 6, l. 21-23, 9/28/10; St. Rec. Vol. 3 of 3, Hearing Transcript, pp. 4-5, 6/11/13.  The record copy provided to the court does not include an amended version of the bill.

[5]St. Rec. Vol. 1 of 3, Plea Transcript, pp. 2-10, 9/28/10; Plea Minutes, 9/28/10.

[6]St. Rec. Vol. 1 of 3, Plea Transcript, p. 11, 9/28/10; Plea Minutes, 9/28/10.

[7]The Cousin court recognized that failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of that period, citing State v. Counterman, 475 So.2d 336, 338 (La. 1985).  At the time of Cousin, La. Code Crim. P. art. 914 required a criminal defendant to move for leave to appeal within five (5) days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence.  Article 914 was later amended by La. Acts 2003,

Almost four months later, on February 22, 2011, Morris submitted a motion seeking to correct his sentence on grounds that he was not properly charged or arraigned on the second count of second degree battery.[8]  The state trial court denied the motion on March 25, 2011, without stated reasons.[9]  The Louisiana Fourth Circuit denied Morris's related writ application on May 25, 2011, finding no error in the trial court's ruling.[10]  Morris did not seek further review of this order.

More than three months later, on September 12, 2011, Morris submitted an application for post-conviction relief to the state trial court asserting three grounds for relief:[11] (1) The guilty pleas were unlawfully induced or involuntary. (2) The prosecution failed to disclose favorable evidence about the victim's condition on the night of the alleged battery. (3) He was denied a fair trial by biased prosecutors and judge.  After receiving a response from the State, the state trial court denied Morris's application for post-conviction relief on February 9, 2012 finding no merit in or record support for the claims.[12]  Morris did not seek review of this ruling.

---

No. 949, § 1 to provide thirty (30) days for filing of the notice of appeal.

[8]St. Rec. Vol. 2 of 3, Motion for Illegal Sentence, 2/24/11 (dated 2/22/11).

[9]St. Rec. Vol. 2 of 3, Trial Court Order, 3/25/11; Trial Court Order (2), 3/25/11.

[10]St. Rec. Vol. 2 of 3, 4th Cir. Order, 2011-K-557, 5/25/11.

[11]St. Rec. Vol. 2 of 3, Application for Post-Conviction Relief, 9/22/11 (dated 9/12/11).

[12]St. Rec. Vol. 3 of 3, Trial Court Judgment, 2/9/12; State's Answer, 2/7/12.

Instead, Morris submitted a motion for post-conviction relief on March 8, 2012, requesting leave to file an out-of-time appeal based on similar grounds.[13] After receiving a reply from the State, the state trial court denied the motion on April 13, 2012, finding that Morris had not preserved his right to appeal.[14]  Morris did not seek further review.

On May 10, 2012, Morris moved to quash the bill of information on double jeopardy grounds, claiming that the second offense arose from the same transaction and he could not be punished for both.[15]  The state trial court denied the motion without stated reasons on May 23, 2012.[16]  Morris did not seek review of this order.

Morris filed another motion on May 31, 2012, requesting leave to present additional post-conviction claims and arguments for the court's review.[17]  The state trial court denied the request without stated reasons on August 27, 2012.[18]  Morris sought no review of this order.

One month later, on October 1, 2012, Morris submitted a motion requesting that his sentences be made concurrent because the original bill charged only one count of

---

[13]St. Rec. Vol. 3 of 3, Motion for Post-Conviction Relief, 3/12/12 (dated 3/8/12).

[14]St. Rec. Vol. 3 of 3, Trial Court Judgment, 4/13/12; State's Answer, 4/10/12; Trial Court Order, 3/23/12.

[15]St. Rec. Vol. 3 of 3, Motion to Quash, 5/14/12 (dated 5/10/12).

[16]St. Rec. Vol. 3 of 3, Trial Court Order, 5/23/12.

[17]St. Rec. Vol. 3 of 3, Motion to Enter Proof and Evidence, 5/31/12 (dated 5/29/12).

[18]St. Rec. Vol. 3 of 3, Trial Court Order, 8/27/12.

second degree battery.[19]  The state trial court denied the motion at a June 11, 2013, hearing, finding that Morris pled to two separate incidents.[20]  Morris did not seek review of this ruling.

More than two years later, on July 15, 2015, Morris submitted a motion to the state trial court seeking amendment or modification of his sentence based on his rehabilitation efforts.[21]  The court denied the motion without stated reasons on July 22, 2015.[22]  Several days later, on August 3, 2015, Morris submitted a second motion requesting that his sentences be ordered to run concurrently on the grounds of double jeopardy and claiming that the two second degree battery charges arose from the same transaction.[23]  The state trial court denied that motion without stated reasons on August 10, 2015.[24]

The Louisiana Fourth Circuit denied Morris's related writ application on September 29, 2015, finding no error in the trial court's ruling and Morris's claims were untimely under La. Code Crim. P. art. 930.8.[25]  The Louisiana Supreme Court also denied

---

[19]St. Rec. Vol. 3 of 3, Motion for Concurrent Sentences, 10/4/12 (dated 10/1/12).

[20]St. Rec. Vol. 3 of 3, Hearing Transcript, p. 12, 6/11/13.

[21]St. Rec. Vol. 3 of 3, Motion to Amend or Modify Sentence, 7/20/15 (dated 7/15/15).

[22]St. Rec. Vol. 3 of 3, Trial Court Order, 7/22/15.

[23]St. Rec. Vol. 3 of 3, Motion for Concurrent Sentences, 8/5/15 (dated 8/3/15).

[24]St. Rec. Vol. 3 of 3, Trial Court Order, 8/10/15.

[25]St. Rec. Vol. 3 of 3, 4th Cir. Order, 2015-K-0990, 9/29/15; St. Rec. Vol. 1 of 3, 4th Cir. Writ Application, 2015-K-0990, 9/14/15.

Morris's related writ application on January 9, 2017, because his motion was an application for post-conviction relief which was untimely under La. Code Crim. P. art. 930.8 and <u>State ex rel. Glover v. State</u>, 660 So.2d 1189 (La. 1995).[26]

## II.    FEDERAL HABEAS PETITION

On February 15, 2017, after correction of certain deficiencies, the clerk of this court filed Morris's federal habeas petition which, construed broadly, asserts that his sentence is unlawful because double jeopardy prohibits punishment for two offenses arising out of the same transaction against the same victim.[27]

The State filed a response in opposition to the petition asserting that Morris's claim fails to assert a federal issue for this court to review.[28]  Alternatively, the State contends that the claim is without merit because the state courts' denial of relief was not contrary to federal law.  Morris filed a reply reiterating that his conviction and sentence amount to double jeopardy.[29]

---

[26]<u>State ex rel. Morris v. State</u>, 208 So.3d 877 (La. 2017); St. Rec. Vol. 1 of 3, La. S. Ct. Writ Application, 2015-K-1925, 10/20/15 (dated 10/9/15).

[27]Rec. Doc. No. 3.

[28]Rec. Doc. No. 17.  The amended response supercedes the original response, Rec. Doc. No. 16.

[29]Rec. Doc. No. 18.

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[30] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Vincent's petition, which, for reasons discussed below, is deemed filed in federal court on January 15, 2017.[31] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

---

[30]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[31]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court received and filed Morris's deficient petition on January 26, 2017. The corrected petition was docketed on February 15, 2017, and the case was properly opened on February 17, 2017, when pauper status was granted. Morris dated his original, deficient petition on January 15, 2017, which is the earliest date appearing in the record on which he could have submitted the pleadings to prison officials for mailing to a federal court.

In its opposition response, the State did not address procedural default and stated that Morris exhausted state court review and that the federal petition was timely.  The record, however, clearly establishes that Morris's petition is <u>un</u>timely under the AEDPA and his claims are in procedural default.  The State's statement of timeliness without any discussion and its oversight of Morris's procedural default are clearly error.  These errors, however, are <u>not</u> an express waiver of these defenses, especially considering the State's declaration that it "does not waive any defenses and/or procedural objections."[32] The Fifth Circuit has held that where there is no <u>express</u> waiver, the district court may, in its discretion, raise these affirmative defenses sua sponte.  <u>Prieto v. Quarterman</u>, 456 F.3d 511, 518 (5th Cir. 2006) (citing <u>Magouirk v. Phillips</u>, 144 F.3d 348, 360 (5th Cir. 1998)) (addressing procedural default); <u>Day v. McDonough</u>, 547 U.S. 198, 209-10 (2006) (addressing limitations).  When the court exercises its discretion to do so sua sponte, it must assure that the petitioner has notice that the issue is being considered.  <u>Fisher v. Texas</u>, 169 F.3d 295, 301 (5th Cir.1999); <u>Magouirk</u>, 144 F.3d at 358.  Therefore, I hereby give Morris express notice that the court is considering the issues of procedural default and timeliness.  <u>Fisher v. Texas</u>, 169 F.3d 295, 301 (5th Cir. 1999); <u>Magouirk</u>, 144 F.3d at 358.  Accordingly, **petitioner is hereby specifically instructed that this report and recommendation is notice to him that this court is sua sponte raising the issue of**

---

[32]Rec. Doc. No. 16, p. 15.

**procedural default and that petitioner must submit any evidence or argument concerning the default as part of any objections he may file to this report**. Magouirk, 144 F.3d at 348.

For the reasons that follow, Morris's petition should be dismissed with prejudice, because it is <u>both</u> time-barred and procedurally defaulted.

IV.   <u>STATUTE OF LIMITATIONS</u>

The AEDPA requires that a Section 2254 petition must ordinarily be filed within one year of the date the conviction became final.[33]  <u>Duncan v. Walker</u>, 533 U.S. 167, 179-80 (2001).  Morris's conviction became final on October 28, 2010, which was thirty days after he was convicted and sentenced and did not appeal.  Applying Section 2244 literally, Morris had one year from finality of his conviction, until October 28, 2011, to

---

[33]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:

    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

    C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

    D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that AEDPA's one-year statute of limitations period in Section 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Morris has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case. The record does not establish circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case. See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's

requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the

11

pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. <u>Flanagan</u>, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. <u>Duncan</u>, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that, because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

<u>Flanagan</u>, 154 F.3d at 199 n.1; <u>accord</u> <u>Brisbane v. Beshears</u>, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); <u>Gray v. Waters</u>, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. <u>Pace</u>, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is]

the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same

substantive claims now being raised in the federal habeas corpus petition.  <u>Godfrey v.</u>
<u>Dretke</u>, 396 F.3d 681, 686-88 (5th Cir. 2005).

In Morris's case, the one-year AEDPA statute of limitations period began to run
on October 29, 2010, the day after his conviction became final, and did so for 116 days,
until February 22, 2011, when Morris filed his first motion to correct his sentence.  The
motion remained pending until June 24, 2011, when he did not seek review of the related
Louisiana Fourth Circuit opinion.

The one-year AEDPA statute of limitations period again started to run on June 25,
2011, for  another 79 days, until September 12, 2011, when Morris filed an application
for post-conviction relief in the state trial court.  This filing and his subsequent post-
conviction motions filed between March 8, 2012, and May 31, 2012, interrupted the one-
year AEDPA statute of limitations through September 26, 2012, when Morris did not
seek review of the state trial court's order denying the last of these motions on August
27, 2012.

The one-year AEDPA period ran again for only four (4) days, until October 1,
2012, when Morris filed another motion to have his sentences altered.  This motion
remained pending until July 11, 2013, which was thirty (30) days after it was denied by
the state trial court and Morris sought no further review.  By this time, a total of 199 days
of the one-year AEDPA statute of limitations had run without Morris having filed a
federal habeas corpus petition.

The one-year AEPDA statute of limitations period began to run again on July 12, 2013, and did so uninterrupted for the remaining 166 days, until Thursday, December 26, 2013,[34] when it expired.  Morris had <u>no</u> properly filed state application for post-conviction relief or other collateral review pending in any state court during that time. In fact, Morris would allow an additional 565 days to pass before he submitted his next post-conviction motion to the state trial court on July 15, 2015.

Under the mailbox rule, Morris's federal petition is deemed filed on January 15, 2017, which was more than three years after the AEDPA one-year statute of limitations expired on December 26, 2013.  His federal petition was <u>not</u> timely filed and must be dismissed with prejudice for that reason.[35]

---

[34]The final day was legal holiday of Christmas Day, Wednesday, December 25, 2013, which extended the last day of the period to the next business day, Thursday, December 26, 2013.  Fed. R. Civ. P. 6(a)(1)(C).

[35]The United States Supreme Court decision in <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012), is not relevant to the timeliness of this federal petition.  In <u>Martinez</u>, the Court held that a <u>procedural bar</u> imposed by <u>state courts</u> "'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" <u>Trevino v. Thaler</u>, 133 S. Ct. 1911, 1912 (2013) (quoting <u>Martinez</u>, 566 U.S. at 13).  Morris has not presented any claim of ineffective assistance of counsel to this court or the state court's that was met with a procedural bar.  In addition, the decisions in <u>Martinez</u> and <u>Trevino</u> do <u>not</u> address or provide an excuse for untimely filing of a federal habeas petition.  <u>See</u> <u>Arthur v. Thomas</u>, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the <u>Martinez</u> rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); <u>Smith v. Rogers</u>, No. 14-0482, 2014 WL 2972884, at *1 (W.D. La. Jul. 2, 2014); <u>Falls v. Cain</u>, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report and Recommendation).  <u>Martinez</u> and <u>Trevino</u> also do <u>not</u> constitute new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA. <u>See</u> <u>In re Paredes</u>, 587 F. App'x 805, 813 (5th Cir. Oct. 25, 2014) (". . . the Supreme Court has not made either <u>Martinez</u> or <u>Trevino</u> retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); <u>Adams v. Thaler</u>, 679 F.3d 312, 322 n.6 (5th Cir. 2012).  Neither <u>Martinez</u> nor <u>Trevino</u> provide equitable or statutory relief from petitioner's untimely filing under the AEDPA.

In addition to its untimeliness, Morris's federal petition also asserts arguments that are in procedural default and which are therefore barred from review by this federal habeas court. Morris is hereby again given express notice that **the court also is considering the issue of procedural default sua sponte and that petitioner must submit any evidence or argument concerning the default as part of any objections he may file to this report**. Magouirk, 144 F.3d at 348.

V.    PROCEDURAL DEFAULT

Morris asserts that his conviction and consecutive sentences violated the Double Jeopardy Clause. The Louisiana Supreme Court denied Morris's writ application asserting the same claim, because Morris sought untimely post-conviction relief under La. Code Crim. P. art. 930.8 and State ex rel. Glover, both of which address the time for seeking post-conviction review. Article 930.8 provides a two-year time limit for seeking post-conviction relief in the Louisiana courts, and that period runs from the date the applicant's judgment of conviction became final under Louisiana law. In State ex rel. Glover, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under La. Code Crim. P. art. 930.8, even if the lower court addressed the merits or did not consider timeliness.

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment. Coleman v.

16

Thompson, 501 U.S. 722, 731-32 (1991); Glover v. Cain, 128 F.3d 900, 902 (5th Cir. 1997); Amos v. Scott, 61 F.3d 333, 338 (5th Cir. 1995) (citing Harris v. Reed, 489 U.S. 255, 260, 262 (1989)).  This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review.  Amos, 61 F.3d at 338.

Procedural default does not bar federal court review of a federal claim in a habeas petition unless the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar.  Harris, 489 U.S. at 263; Glover, 128 F.3d at 902.  The procedural bar also prevails over any alternative discussion of the merits of the claim by a state court. See Robinson v. Louisiana, No. 13-30016, 2015 WL 1323334, at *4 (5th Cir. Mar. 25, 2015) (citing Woodfox v. Cain, 609 F.3d 774, 796 (5th Cir. 2010)).  In this case, the procedural rules cited by the state courts bar review of Morris's federal habeas claims.

A.    INDEPENDENT AND ADEQUATE

For the state law procedural bar to prevent review by this federal habeas court, the bar must be independent and adequate.   A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar.  Amos, 61 F.3d at 338.  The United States Fifth Circuit has held that "[a] state court expressly and unambiguously bases its denial

of relief on a state procedural default even if it alternatively reaches the merits of a [petitioner's] claim." <u>Fisher</u>, 169 F.3d at 300.

To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. <u>Walker v. Martin</u>, 562 U.S. 307, 316-17 (2011); <u>Glover</u>, 128 F.3d at 902. A state procedural rule "can be 'firmly established' and 'regularly followed,' - even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." (citation omitted) <u>Beard v. Kindler</u>, 558 U.S. 53, 60-61 (2009). The question of the adequacy of a state procedural bar is itself a federal question. <u>Beard</u>, 558 U.S. at 60 (citing <u>Lee v. Kemna</u>, 534 U.S. 362, 375 (2002)).

The last reasoned decision on Morris's claim was the judgment of the Louisiana Supreme Court relying exclusively on La. Code Crim. P. art. 930.8 and <u>State ex rel. Glover</u>, state law independent of any federal grounds. It is well settled in the Fifth Circuit that denial of relief premised on the untimeliness of a claim under La. Code Crim. P. art. 930.8 "is sufficient to fulfill the independence requirement" of the procedural default doctrine. <u>Glover</u>, 128 F.3d at 902. The same is true in this case.

The United States Fifth Circuit has also squarely held that, because "Louisiana courts have regularly invoked [Article 930.8] to bar untimely claims," it is an "adequate" rule, <u>i.e.</u>, it "is one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims." <u>Glover</u>, 128 F.3d at 902 (citing

18

Dugger v. Adams, 489 U.S. 401, 410 n.6 (1989); Johnson v. Miss., 486 U.S. 578, 587

(1988); Amos, 61 F.3d at 339); Morris v. Cain, No. 06-30916, 2008 WL 3876479, at *1

(5th Cir. 2008); Pineyro v. Cain, 73 F. App'x 10, 11 (5th Cir. 2003).

      The state court's ruling was based on Louisiana law setting forth the procedural

requirements for the presentation of post-conviction claims.  See Fisher, 169 F.3d at 300

(state courts' clear reliance on state procedural rule is determinative of the issue).  The

state court's reasons for denial of relief on Morris's claim was therefore independent of

federal law and adequate to bar review of his claims in this court.

B.    CAUSE AND PREJUDICE

      A federal habeas petitioner may be excepted from the procedural default rule only

if he can show "cause" for his default and "prejudice attributed thereto," or demonstrate

that the federal court's failure to review the defaulted claim will result in a "fundamental

miscarriage of justice."  Fisher, 169 F.3d at 301 (citing Coleman, 501 U.S. at 748-50);

Amos, 61 F.3d at 338-39 (citing Harris, 489 U.S. at 262; Engle v. Isaac, 456 U.S. 107,

129 (1982)).

      To establish cause for a procedural default, a petitioner must demonstrate that

some objective factor external to the defense impeded his efforts to comply with the

state's procedural rule.  Murray v. Carrier, 477 U.S. 478, 488 (1986).  The mere fact that

petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed

to raise the claim despite recognizing it, does not constitute cause for a procedural default.  Id. at 486.

Morris has not offered any cause for the default that would excuse the procedural bar imposed by the Louisiana courts.  The record does not support a finding that any factor external to the defense prevented petitioner from asserting these claims in a procedurally proper manner.  The record reflects no action or inaction by the State which prevented him from properly asserting these claims in the state courts.

"The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown."  Hogue v. Johnson, 131 F.3d 466, 497 (5th Cir. 1997) (citing Engle, 456 U.S. at 134 n.43).  Having failed to show an objective cause for his default, the court need not determine whether prejudice existed, and petitioner has not alleged any actual prejudice.  Ratcliff v. Estelle, 597 F.2d 474 (5th Cir. 1979) (citing Lumpkin v. Ricketts, 551 F.2d 680, 681-82 (5th Cir. 1977)).

## C.    FUNDAMENTAL MISCARRIAGE OF JUSTICE

A petitioner may avoid procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed.  Hogue, 131 F.3d at 497 (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)).  To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence."  Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986); accord Murray, 477 U.S. at 496; Glover, 128 F.3d at 902.  To satisfy the factual

20

innocence standard, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt.  Campos v. Johnson, 958 F. Supp. 1180, 1195 (W.D. Tex. 1997) (footnote omitted); see Nobles, 127 F.3d at 423 n.33 (actual innocence factor requires a showing by clear and convincing evidence that, "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."). When the petitioner has not adequately asserted his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception. Glover, 128 F.3d at 903.  Morris presents no argument and the record contains nothing establishing his actual innocence on the underlying conviction.

For these reasons, Morris has failed to overcome the procedural bar to review of his claim by this federal court.  His claim must be dismissed with prejudice as procedurally barred.[36]

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Morris's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** because it is both time-barred and procedurally defaulted.

---

[36]As noted previously in footnote 35, Morris has not asserted an ineffective assistance of counsel claim, and neither Martinez, 566 U.S. at 1 nor Trevino, 133 S. Ct. at 1911, provide any excuse from this state imposed procedural bar to the asserted claim.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[37]

New Orleans, Louisiana, this _____26th_____ day of October, 2017.


JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[37]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.